UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **HAZHAR A. SAYED, #133608,** § | |
| § | |
| **Plaintiff,** § | |
| § | SA-23-CV-01557-XR |
| v. § | |
| § | |
| **OPERATION MANAGER LINDA I.** § | |
| **APONTE, Internal Revenue Service,** § | |
| § | |
| **Defendants.** § | |

## ORDER OF DISMISSAL

Before the Court are *pro se* Plaintiff Hazhar A. Sayed's 42 U.S.C. § 1983 Civil Rights Complaint and Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 1, 2). Sayed is an inmate in the Colorado Department of Corrections, Limon Correctional Facility. (ECF No. 1). After consideration, Sayed's Application to Proceed IFP is **DENIED** and his Complaint is **DISMISSED WITHOUT PREJUDICE**. (ECF Nos. 1, 2).

### APPLICABLE LAW

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1

(N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because § 1915(g) requires a showing of "imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in § 1915(g). Regardless of whether a prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

## APPLICATION

The Court has determined that while incarcerated Sayed has garnered three strikes based on prior dismissals in the Federal District Court of Colorado, Denver Division. *See Sayed v. Wilson, et al.*, No. 1:22-CV-01989-LTB-GPG (D. Colo. Jan. 11, 2023) (dismissed for failure to state a claim); *Sayed v. Young*, No. 1:20-CV-00598-C (D. Colo. Apr. 15, 2020) (dismissed as frivolous); *Sayed v. Broman, et al.*, No. 1:13-CV-02961-CMA-MJW (D. Colo. Mar. 31, 2015) (dismissed as frivolous and alternatively for failure to state a claim).[1] Therefore, Sayed may not

---

[1] The Colorado Federal District Court, Denver Division, recognized in *Sayed v. Rieb*, No. 1:23-CV-01038-LTB-KLM (Colo. July 31, 2023), that based on these three cases Sayed is subject to the filing restriction in § 1915(g).

file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his Complaint, Sayed claims an Internal Revenue Service Agent from Austin, Texas violated his due process rights by depriving him of certain stimulus funds to which he says he is entitled. (ECF No. 1). As relief, he seeks damages and disbursement of the stimulus funds. (*Id.*). Sayed does not contend he is in imminent danger of serious physical injury based on the deprivation of the funds or any other actions by the Defendant. (*Id.*). Accordingly, the Court finds he has failed to meet the imminent danger requirement of § 1915(g). (*Id.*); *see* 28 U.S.C. § 1915(g).

## CONCLUSION

Because Sayed has garnered three strikes based on prior findings and dismissals and has failed to establish he is in "imminent danger of serious physical injury," his Complaint is subject to dismissal. Sayed may only proceed with this action if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate.

**IT IS THEREFORE ORDERED** that Sayed's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** and his 42 U.S.C. § 1983 Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of § 1915(g). Sayed is advised that his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order.

It is so **ORDERED**.

**SIGNED** this 2nd day of January, 2024.

_____

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE